UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2020
```

VICTOR LOPEZ, individually and on behalf of all other persons similarly situated,

                Plaintiff,

-against-

CAPITAL GRILLE HOLDINGS, INC.,

                Defendant.

1:19-cv-09891 (MKV)

**ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Victor Lopez brings this putative class action against Defendant Capital Grille Holdings, Inc. ("Capital Grille") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, the New York State Human Rights Law, ("NYSHRL"), N.Y. EXEC. LAW §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE §§ 8-101, *et seq*.  Lopez, who is blind, alleges that Capital Grille discriminates against him because it does not sell gift cards with braille or another auxiliary aid.  Capital Grille moves to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Because Plaintiff failed to establish standing to bring this action, the motion to dismiss is GRANTED.

## BACKGROUND

The facts as stated herein are based on Plaintiff's allegations in his First Amended Complaint [ECF #21] ("FAC"), which are accepted as true for the purposes of this Motion.

Defendant operates a nationwide chain of restaurants under the name "Capital Grille." FAC ¶ 26-27.  As part of its operations Defendant also sells "pre-paid cash cards, colloquially referred to as store gift cards" that may be used at any Capital Grille restaurant in place of cash or credit cards.  FAC ¶ 30.  On October 24, 2019, Plaintiff called the customer service line of Capital Grille and asked if it sold "gift cards containing Braille."  FAC ¶ 16.  He was told that the company does not, nor did the person to whom he spoke offer any other "auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards."  FAC ¶ 16-17.  Plaintiff otherwise has been unable to locate blind-accessible gift cards specifically for use at Capital Grille.  FAC ¶ 18.  Lopez alleges that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant."  *Id*. ¶ 21.

Plaintiff filed his original complaint on October 25, 2019 [ECF #1], which Defendant moved to dismiss on February 3, 2020 [ECF #17].  In its brief in support of that motion, Capital Grille argued that the Court should dismiss the complaint because Lopez lacked standing, among other reasons [ECF #18 at 17–20].  Rather than oppose the motion to dismiss, Plaintiff filed the First Amended Complaint, on February 10, 2020 [ECF #21].  Like his initial complaint, the FAC seeks an injunction requiring Capital Grille to sell gift cards accessible to the blind by means of braille or some other auxiliary aid as well as compensatory and punitive damages, and attorneys' fees.

Capital Grille again moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and filed a memorandum in support of that motion [ECF #25, 26 ("Def. Mem.")].  Thereafter, Lopez filed a brief in opposition [ECF #27], and

Capital Grille filed a reply [ECF #28]. Since briefing was completed, Defendant filed a Notice of Supplemental Authority [ECF #30], bringing to the Court's attention four different opinions granting motions to dismiss in nearly identical cases. *See* ECF #30. This Court also has granted a motion to dismiss in three other cases that mirror this one. *See Dominguez v. Pizza Hut of America, LLC*, Case No. 19-cv-10175 (MKV), 2020 WL 3639977 (S.D.N.Y. July 6, 2020); *Matzura v. Red Lobster Hospitality LLC*, Case No. 19-cv-9929, 2020 WL 3640075 (S.D.N.Y. July 6, 2020); *Dominguez v. Grand Lux Café LLC*, Case No. 19-cv-10345 (MKV), 2020 WL 3440788 (S.D.N.Y. June 22, 2020). As in several of those cases, and for the reasons below, Plaintiff's First Amended Complaint here is dismissed for lack of standing.

## DISCUSSION

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). Where a plaintiff lacks standing to bring the action, the court must dismiss the case under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015); *see also Spokeo, Inc. v. Robins*, 578 U.S. ___,136 S. Ct. 1540, 1547 (2016). Here, the Court must dismiss the First Amended Complaint because Plaintiff has failed to establish standing to assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. Since his New York State law claims require the same analysis, his claims under those statutes fail as well. *Mendez v. Apple Inc.*, No. 18-cv-7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("New York State and City claims are governed by the same standing requirements as the ADA."). Because the Court has determined that Plaintiff lacks standing to pursue his claims, the court does not consider the merits of the claims under Federal Rule of Civil Procedure 12(b)(6).

To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547.  When, as here, the plaintiff seeks injunctive relief, he cannot rely on past injury to satisfy the injury [in fact] requirement." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)).  Rather, "standing to seek injunctive relief" requires a "real and immediate threat of future injury." *Id.*

"The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that they have standing to sue." *Liber. Cmty. Ass'n v. Lamont*, -- F.3d --, 2020 WL 4723015, at *6 (2d Cir. 2020) (citing *Hellas Telecomm.*, 790 F.3d at 417) (cleaned up); *see also Spokeo, Inc.*, 136 S. Ct. at 1547.  While the Court will accept non-conclusory factual allegations as true, the Court "need not credit a complaint's conclusory statements without reference to its factual context." *Amidax Trading Grp. v. S.W.I.F.T. SCR*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

A plaintiff must prove at least a substantial risk or likelihood of future injury to satisfy the standing requirements.  *Liber. Cmty. Ass'n*, -- F.3d --, 2020 WL 4723015, at *6 ("Allegations of possible future injury do not satisfy the requirements of Article III . . . Rather, there must be a substantial risk that harm will occur." (internal citations omitted)).  With regard to ADA claims in particular, the Second Circuit has held that an injury may be shown where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

Plaintiff's claims here fail because he does not adequately allege an intent to return to Defendant's restaurant.  Intent to return is a "highly fact-sensitive inquiry." *Bernstein v. City of New*

4

*York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158).  As a result, Plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005).  Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when alleged the barriers have been rectified, "is insufficient." *Id.* at 87 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)) ("'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury"); *see also, e.g.*, *Feltzin v. Stone Equities, LLC*, No. 16-cv-6457 (SJF) (AKT), 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) (finding no plausible intent to return where the complaint merely asserted that the plaintiff planned to return once the defendant corrected barriers to access).

   Plaintiff has failed to establish standing under the ADA because he does not offer a single "non-conclusory factual allegation" demonstrating a plausible intention to return to a Capital Grille restaurant.  *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 156.  Instead, the First Amended Complaint makes the entirely conclusory assertion, that Plaintiff "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant."  FAC ¶ 21.  Plaintiff fails to supply any sort of "factual context" to explain where, when, how, or why he may make a purchase and return to the restaurant.  *Amidax Trading Grp.*, 671 F.3d at 146.

   The First Amended Complaint alleges that Plaintiff "has been a customer at Defendant's stores on prior occasions."  FAC ¶ 21.  This cookie cutter allegation fails even to acknowledge Plaintiff is complaining about a restaurant (and not a store).  It does not say anything about when Plaintiff allegedly visited a Capital Grille restaurant, or the number of "prior occasions" on which he was a customer, or how long it has been, or which location he visited.  Courts have found that even a single mention of a date on which the Plaintiff intends to return is sufficient for standing.  *E.g.,*

5

*Feltzin v. Triangle Props. #1, LLC*, Case No. 14-cv-5131 (JMA) (ARL), 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016) (dismissing ADA case on standing grounds where complaint offered little "[b]eyond noting a specific date on which [the plaintiff] allegedly visited the subject premises"). However, Plaintiff has not even provided that level of detail in the First Amended Complaint.

The First Amended Complaint also states that Plaintiff "resides within close proximity to at least one of Defendant's physical locations." FAC ¶ 25. Plaintiff also states that "[s]everal of these restaurants are located in the Southern District of New York, and in close proximity to Plaintiffs [sic] residence." FAC ¶ 27. These statements fall far short of establishing an intention to return to a Capital Grille restaurant, since Plaintiff gives no indication of where he lives or where the restaurant in question is located other than "in the Southern District of New York." *C.f. Kreisler*, 731 F.3d at 186, 188 (finding intent to return where plaintiff "live[d] within several blocks of the Diner" in question and "passe[d] by it three to four times a week"). These generic conclusory statements are insufficient to establish standing. *Amidax Trading Grp.* 671 F.3d at 146; *see also Yovanny Dominguez v. Banana Republic LLC*, -- F. Supp. 3d --, 2020 WL 1950496 at *4 (S.D.N.Y. 2020); *Triangle Properties #1, LLC*, 2016 WL 11599264, at *5; *Stone Equities, LLC*, 2018 WL 1115135, at *11; *Castillo v. The John Gore Org., Inc.*, No. 19-cv-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019); *but see Yovanny Dominguez v. Taco Bell Corp.*, Case No. 19-cv-10172 (LGS) (finding the bare assertion that the plaintiff intends to return "plausible" in the light of the "broad[] appeal" of the restaurant chain in question).

Even if Plaintiff had sufficiently alleged an intent to return to a Capital Grille restaurant to establish standing he must also allege facts plausibly establishing a barrier or other deterrent to his doing so. *See Kreisler*, 731 F.3d at 188. The First Amended Complaint does not explain how Capital Grille's failure to sell braille (or otherwise blind-accessible) gift cards creates a barrier to accessing a restaurant. Moreover, a "gift card" is, as its name signals, typically given to another person as a gift. A gift card is not typically understood to facilitate the buyer's frequenting an

6

establishment, and the Court cannot infer that it may do so here.  As a result, Plaintiff has not pleaded that he encounters any barrier to service at a Capital Grille location.  *See Perdum v. Forest City Ratner Cos.*, 174 F. Supp. 3d 706, 714–15 (E.D.N.Y. 2016) (explaining that an injury in fact under the ADA requires that the plaintiff "personally" encountered the barrier to access or was deterred from visiting the place of public accommodation).

This outcome should not be surprising to Plaintiff.  "Since October 2017, Plaintiff has filed more than 80 class action complaints in this Court premised on alleged ADA violations," including at least nineteen cases premised on gift card violation.  Def. Mem. at 1, n.1.  All of the complaints in Plaintiff's cases are nearly identical.  *See* Def. Mem. at 1.  By the Court's count, none of the gift card-related cases filed by Plaintiff have survived a motion addressed to the pleadings.  "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical.  But those who live by the photocopier shall die by the photocopier" where they "fail[] specifically to assert any concrete injury."  *Mendez*, 2019 WL 2611168, at *4; *see also de Palo v. Countryside Station Ltd. Liab. Co.*, Case No. 6:12-cv-204, 2012 WL 1231968, at *2–3 (M.D. Fla. Apr. 12, 2012); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-cv-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007); *Doran v. Del Taco*, No. 04-cv-00046, 2006 WL 2037942 (C.D. Cal. July 5, 2006); *Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004).

When a complaint is dismissed for lack of standing, the plaintiff generally is given leave to file an amended complaint.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  In this case, however, Plaintiff already amended his complaint in response to a motion to dismiss asserting a lack of standing [ECF #18].  *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that a plaintiff had "no right to a second amendment" where he had notice of "the deficiencies in his complaint when he first amended

it"). Moreover, Plaintiff has not identified any proposed amendments that would cure his pleading and confer standing. *See O'Shea v. P.C. Richard & Son*, LLC, No. 15-cv-9069 (KPF), 2017 WL 3327602, at *8 (S.D.N.Y. Aug. 3, 2017); *Berrian v. Pataki*, 510 F. Supp. 2d 348, 356 (S.D.N.Y. 2007). Accordingly, the motion to dismiss the complaint is GRANTED, and this case is dismissed with prejudice.

The Clerk of the Court is respectfully requested to close the motion at ECF #25.

**SO ORDERED.**

Date: August 14, 2020
New York, NY

_____
**MARY KAY VYSKOCIL
United States District Judge**